J-A05018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICHOLAS J. PRESTOSH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOY A. PRESTOSH, | |
| Appellee | No. 2144 EDA 2014 |

Appeal from the Order entered June 3, 2014,
in the Court of Common Pleas of Northampton County,
Civil Division, at No(s): 1991-C-04120.

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 27, 2015**

Nicholas J. Prestosh ("Husband") appeals from the trial court's order denying his petition to enforce a marital settlement agreement he entered into with Joy A. Prestosh ("Wife").  We affirm.

The pertinent facts and procedural history are as follows:  The parties were divorced by a decree entered on May 10, 1994.  A handwritten "Memorandum of Understanding" was incorporated as an order of court that same day.  Among the issues addressed in this marriage settlement agreement was the following provision:

> Husband shall provide, as alimony, medical coverage for Wife, including prescription coverage, indefinitely to the extent that Wife is unable to obtain such insurance.  Wife shall use reasonable efforts to obtain such insurance herself, either as a benefit or at lesser cost than that available to Husband.  If Husband is not directly purchasing such insurance himself, payment shall be paid

> through the Domestic Relations Section. This obligation shall cease upon Wife's remarriage.

Memorandum of Understanding, 5/10/94, at 2.

On April 3, 2014, Husband filed a petition to enforce based upon the above provision, in which he sought to compel Wife to obtain her own health insurance through the federal government's Patient Protection and Affordable Care Act ("Obamacare"). Within his petition, Husband "believed and averred" that under Obamacare, Wife "is able to obtain such medical coverage at a lesser cost than that of [Husband's] medical coverage." Petition, 4/3/14, at 2. According to Husband, "[Wife] continues to refuse to look into any medical coverage options for herself under [Obamacare]." Thus, Husband requested the trial court to enter an order "directing [Wife] to fully comply with the terms of the Order of Court filed on or about May 10, 1994." *Id.* at 3.

Wife filed an answer to Husband's petition, as well as a counter petition to enforce the provisions of the marriage settlement agreement. In her answer, Wife averred that she is ineligible for coverage under Obamacare. According to Wife, "[a]s she is currently covered by Medicare Parts A and B, [Wife] denied that additional Medicare and Medicaid options existed through which she could obtain less costly medical insurance." Answer, 4/16/14, at 1. In her counter petition, Wife averred that for the last several years Husband has violated the marriage settlement agreement by failing to pay for her prescription drugs.

The trial court summarized the subsequent proceedings as follows:

The matter was submitted to the undersigned in Miscellaneous Hearing Court on April 25, 2014. No testimonial record was offered. [Husband's] counsel provided superficial argument regarding "Obamacare" and [Wife's] obligation to pursue coverage.

We granted [Husband's] counsel the opportunity to submit a Brief within ten days. [Husband's] counsel failed to do so. On May 23, 2014, we received a telephone request from [Husband's] counsel for an additional extension to file a Brief. We permitted counsel an extension until May 30, 2014, to file his Brief. Again, counsel failed to file a Brief.

On June 3, 2014, we entered an Order, after reviewing the record dismissing [Husband's] Petition. Apparently, on July 3, 2014, [Husband] filed his Notice of Appeal to Superior Court attacking our June 3, 2014, Order. [In its June 3, 2014 order, the trial court also granted Wife's counter petition, and awarded her the sum of $562.00. That part of the order is not at issue in Husband's appeal.] Although a Certificate of Mailing appears in the record, we received no notice of the July 3, 2014, Notice of Appeal.

Our first notice of the Appeal was when we received a transmittal form to the Superior Court from our Prothonotary's Office on August 5, 2014. Upon receipt of the notice, we entered a 1925(b) Statement requiring [Husband] to submit a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days. We note that our Order directed service of the Concise Statement of Matters [Complained] of on Appeal must be made to the trial judge as required under [Rule] 1925(b)(2).

We were not served with a [Rule] 1925(b) Statement by Counsel as required by our Order and Rule 1925(b). Frankly, we were annoyed at the fact that it appeared that counsel was again not complying with Court Rules and/or his filing obligations.

Prior to submitting this [Rule] 1925(a) Statement, we pulled the file from the Prothonotary's Office and learned

that on August 22, 2014, counsel filed a "Statement of Errors Complained of on Appeal Pursuant to 1925(b)". However, counsel failed to serve us with a copy of the filing as required under our Order and Rule 1925(b).

Further, we reviewed [Husband's] Statement of Matters Complained of on Appeal. In his Statement, counsel admitted that he did not comply with our Written Order to file a Brief on or before May 30, 2014. In fact, [Husband] apparently filed his Brief on June 2, 2014, with the Prothonotary, but as consistent with his track record, failed to serve our office with a copy.

Trial Court Opinion, 9/8/14, at 1-2.

On appeal, Husband raises two issues with this Court:

I. WHETHER [HUSBAND] WAS UNFAIRLY PREJUDICED BY THE TRIAL COURT'S DISMISSAL OF HIS PETITION TO ENFORCE A MEMORANDUM OF UNDERSTANDING BECAUSE OF THE UNTIMELY FILING OF A BRIEF BY [HUSBAND'S] COUNSEL[?]

II. WHETHER THE TRIAL COURT ERRED IN DISMISSING [HUSBAND'S] PETITION TO ENFORCE AN ORDER OF COURT FOR PROCEDURAL DEFECTS WHEN THE PLAIN LANGUAGE OF THE ORDER THAT [HUSBAND] SOUGHT TO ENFORCE WAS UNAMBIGUOUS AS TO ITS INTENT[?]

Husband's Brief at 4.

Before addressing the issues raised by Appellant, we must first determine whether they are properly before us. As noted above, although Appellant timely filed his Pa.R.A.P. 1925(b) statement with the prothonotary, he never served the trial court with a copy. His failure to do so results in waiver of his claims on appeal. *See* Pa.R.A.P. 1925(b)(1) (providing that an appellant "shall file of record the Statement and concurrently shall serve the

judge"); ***Shaefer v. Aames Capital Corp.***, 805 A.2d 834, 835 (Pa. Super. 2002) (holding that the appellant's "failure to serve on the trial court a Rule 1925(b) statement after being directed to do so" results in waiver of all issues). ***See also Greater Erie Industrial Development Corporation v. Presque Isle Downs, Inc.***, 88 A.2d 222, 225 (Pa. Super. 2014) (*en banc)* (holding that this Court cannot consider issues raised by an appellant in an untimely Rule 1925 statement, even if the trial court addressed the merits of them)*.*

Absent waiver, Appellant's issues raised on appeal are without merit. We address them together.

Our standard of review is well settled:

> A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise.
>
> ***
>
> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and[,] absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

***Kraisinger v. Kraisinger***, 928 A.2d 333, 339 (Pa. Super. 2007) (citation omitted).

Our review of the record refutes Husband's claim that his petition was dismissed for the late filing of his brief or other "procedural defects."

Rather, although the trial court expressed its displeasure with Husband's failure to adhere to procedural rules, the trial court considered Husband's untimely brief and dismissed his petition on its merits. The trial court explained:

> We reviewed [Husband's] untimely Brief and note that there is no record or legal authority that supports [Husband's] position. His argument is limited to an [assertion] that [he] should be freed of his contractual obligation which was confirmed by a May 10, 1994 Court Order: "to provide medical coverage for Wife, including prescription coverage, indefinitely to the extent that Wife is not able to obtain such insurance for herself, either as a benefit or at a lesser cost than that available to Husband."
>
> We note that Wife has been disabled collecting Social Security Disability (since 1986) and Medicare Part A. Wife is also a heart transplant recipient.
>
> The bald support for [Husband's] claim is the passage of the Affordable Care Act. No record was made as to expected costs to Wife to obtain equivalent coverage at a lesser cost than Husband has historically provided. In fact, no record was made that equivalent coverage can be made available to Wife under the Affordable Care Act.
>
> Just what record does [Husband] suggest that we should rely upon in freeing Husband from [his] obligation, by finding that equivalent care is available to [Wife] at a lesser cost?
>
> [Husband] did not meet his burden of proof. In fact, [Husband] submitted *no proof*. Without an appropriate record made upon which the Court can rely, we cannot accept the bald assertions by [Husband's] counsel.
>
> [Husband] is not entitled to relief.

Trial Court Opinion, 9/8/14, at 3.

Our review of the record supports the trial court's conclusions. Along with her brief in opposition to Husband's petition, Wife filed an affidavit in which she explained that "to the best of her knowledge" she was unable "to obtain comparable Medigap coverage at a cost less than is currently being paid." Affidavit, 6/4/14, at 2. On appeal, Husband has referenced no evidence to contradict Wife's averment. We therefore affirm the trial court's order denying Husband's petition to enforce a marital settlement agreement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015